IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **FIRST MERCURY INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § § | |
| v. § § | CIVIL ACTION NO. 5:22-CV-877 |
| **PAT TONS RRC, LLC, D/B/A PAT TONS ROOFING,** § § § § | |
| **Defendant.** § § | |

_____

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**
_____

Plaintiff First Mercury Insurance Company ("First Mercury") files this Original Complaint for Declaratory Judgment against Defendant Pat Tons RRC, LLC, d/b/a Pat Tons Roofing ("Pat Tons"), seeking a declaration that it does not owe a duty to defend or indemnify Pat Tons against the claims asserted in a lawsuit styled *Jose Lerma v. Pat Tons RRC, LLC, D/B/A Pat Tons Roofing,* Cause No. 2019-CL-16115, in the 45th Judicial District Court of Bexar County, Texas (the "Underlying Lawsuit"). First Mercury respectfully shows as follows:

**I.
PARTIES**

1. Plaintiff First Mercury Insurance Company is a corporation duly organized and existing under the laws of the State of Delaware, with its statutory home office in Morristown, New Jersey.

2. Upon information and belief, Defendant Pat Tons is a corporation incorporated under the laws of the State of Texas, with its principal place of business in Live Oak, Texas. Pat Tons may be served with process via its director, Patrick E. Tons, or any other officer of Pat Tons

at its business address: 7521 Leading Oaks Street, Live Oak, Texas 78233, or wherever Patrick E. Tons or any such officer of Pat Tons may be found.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

4. In addition, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because First Mercury and Pat Tons are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs. In particular, First Mercury issued a commercial general liability policy to Pat Tons with limits of insurance of $1 million per occurrence. The Plaintiff in the Underlying Lawsuit explicitly alleges that he is seeking monetary relief in excess of $1 million.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because Pat Tons maintains its principal place of business in Live Oak, Texas. Additionally, the incident giving to the Underlying Lawsuit took place in San Antonio, Bexar County, Texas, and the Underlying Lawsuit is pending in Bexar County, Texas.

## III.
## FACTUAL BACKGROUND

A.   A SUMMARY OF THE UNDERLYING LAWSUIT

6. The instant coverage dispute arises out of a construction project, wherein the underlying plaintiff, Jose Lerma ("Lerma"), allegedly suffered injuries on or about April 25, 2018.

7. When the Underlying Lawsuit was originally filed on August 12, 2019, Lerma alleged that while he was working on a roofing job, performing duties for defendant Pat Tons as an independent contractor and/or temporary worker. He alleges that he had been instructed and

directed to perform roofing services, but that he was neither instructed nor advised to wear the appropriate footwear during same. He asserts that the defendant held an actual or contractual right of control over the roofing job at issue. He alleges that during the performance of his duties he stepped on a rusted nail, and as a result sustained severe injuries to his body including but not limited to gangrene that led to the amputation of his left foot, which he alleges was caused by the negligence of Pat Tons. In addition to compensatory damages, Lerma seeks punitive damages under a theory of gross negligence.

8. On or about August 27, 2019, Plaintiff First Mercury received written correspondence from Pat Tons tendering the defense of the Underlying Lawsuit to First Mercury.

9. In a reservation of rights letter dated September 4, 2019, First Mercury agreed to defend Pat Tons in the Underlying Lawsuit. In a second reservation of rights letter, dated December 3, 2019, First Mercury raised, among other things, Lerma's employment status with independent contractor GT Roofing and the potential alternative causes of the amputation as potential issues of coverage.

10. In the Underlying Lawsuit, Lerma has sued Pat Tons as the sole defendant, alleging negligence and demanding both compensatory and punitive damages. Therein, Lerma alleges that the amputation of his foot was solely the result of Pat Tons' negligence.

11. Upon information and belief, First Mercury alleges that Lerma was not Pat Tons' independent contractor or temporary worker, but rather that Lerma was an employee or independent contractor hired by Pat Tons' subcontractor, GT Roofing.

12. Upon information and belief, First Mercury alleges that the contract between Pat Tons and GT Roofing did not contain an additional insured requirement or contractual indemnity requirement in favor of Pat Tons.

13. Upon information and belief, First Mercury has not received any indication that GT Roofing was carrying a general liability policy at the time of the incident giving rise to the Underlying Lawsuit.  Upon information and belief, First Mercury is likewise unaware of any indication that any insurance procured by GT Roofing named Pat Tons as an additional insured.

**B.   A SUMMARY OF THE POLICY**

14.   First Mercury issued Policy No. TX-CGL-0000073428-01 ("the Policy") to Pat Tons. The Policy was in effect from June 20, 2017 to June 20, 2018. The Policy provides limits of insurance of $1 million per Each Occurrence Limit, subject to a $2 million General Aggregate Limit.

15.   The Policy contains exclusions that are pertinent to this coverage dispute.  The first exclusion is contained in Paragraph 2.e. of Section I – Coverages – Coverage A – Bodily Injury and Property Damage Liability and is captioned "Employer's Liability".  This provision, the Employer's Liability Exclusion, states in relevant part as follows:

**2.       Exclusions**

This insurance does not apply to:

\*       \*       \*

**e.  Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

16. The Policy defines "employee", "leased worker" and "temporary worker" in relevant part as follows:

> **5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker."
>
> \*   \*   \*
>
> **10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."
>
> \*   \*   \*
>
> **19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

17. The second exclusion is contained in an endorsement captioned "Exclusion – Bodily Injury to Independent Contractors, Subcontractors and Their Employees with Conditional Exceptions" [FMIC-GL-2231 (06/2016)] ("Independent Contractors Exclusion Endorsement"). The Independent Contractors Exclusion Endorsement states in relevant part as follows:

> **EXCLUSION – BODILY INJURY TO INDEPENDENT CONTRACTORS, SUBCONTRACTORS AND THEIR EMPLOYEES WITH CONDITIONAL EXCEPTIONS**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following is added:

It is agreed this insurance does not apply to "bodily injury" to:

1. Any independent contractor or subcontractor performing work directly or indirectly on behalf of any Insured.
2. Any "employee" of such independent contractor or subcontractor; or
3. The spouse, child, parent, brother, sister or registered domestic partner of such independent contractor, subcontractor or "employee" as a consequence of 1. or 2. above.

Solely for the purpose of this endorsement, the term "employee" includes a leased employee, temporary employee, borrowed servant, casual laborer, independent contractor, subcontractor or any other person working for any independent contractor or subcontractor, performing work directly or indirectly on behalf of any insured.

However, this exclusion shall not apply in those cases or situations where the independent contractor or subcontractor has met all of the following conditions:

1. The independent contractor or subcontractor has Commercial General Liability coverage in place at the time of the loss with minimum limits of $1,000,000 per occurrence $2,000,000 general aggregate, and $2,000,000 products completed operations aggregate.
2. The Insured is named as an additional insured on the independent contractor's or subcontractor's Commercial General Liability policy.
3. The independent contractor or subcontractor has in place at the time of the loss, an indemnity agreement whereby the independent contractor or subcontractor agrees to indemnify, defend, and hold harmless the Insured.
4. The independent contractor or subcontractor waives any right of subrogation against the Insured.

Commercial General Liability coverage maintained by independent contractors or subcontractors shall be primary and non-contributory and this Policy shall be excess of the Limits of Liability of such insurance.

18. The Petition contains no factual allegations to support the conclusory allegation that Lerma was a "temporary worker" for Pat Tons, as that term is defined in the Policy; there are no allegations that Lerma was furnished to Pat Tons to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

19.     The Petition does allege in the alternative that Lerma was an independent contractor working for Pat Tons when he was injured.  To the extent that Lerma was an independent contractor working for Pat Tons when he was injured, then Lerma's claim is barred under the Independent Contractors Exclusion Endorsement unless an exception to this exclusion applies. Upon information and belief, First Mercury alleges that Pat Tons cannot satisfy the exception to the exclusion.

## IV.
## DECLARATORY RELIEF AS TO THE DUTY TO DEFEND

20.     First Mercury re-alleges and incorporates by reference paragraphs 1–19.

21.     An actual controversy of a justiciable nature presently exists between First Mercury and Pat Tons concerning the rights and obligations under the Policy with respect to the duty to defend Pat Tons against the claims asserted in the Underlying Lawsuit.

22.     First Mercury seeks a declaration from this Court that Lerma has not alleged facts in the Petition sufficient to show that he was a "temporary worker" for Pat Tons as that term is defined in the Policy.

23.     First Mercury seeks a declaration from this Court that Lerma has alleged that he was an independent contractor working for Pat Tons, for purposes of the Independent Contractors Exclusion Endorsement.

24.     First Mercury seeks a declaration from this Court that the exception to the Independent Contractors Exclusion Endorsement does not apply.

25.     Therefore, First Mercury seeks a judicial determination that it has no duty to defend Pat Tons in the Underlying Lawsuit and that it be allowed to withdraw from the defense it is currently providing.

## V.
## **DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY**

26. First Mercury re-alleges and incorporates by reference paragraphs 1–25.

27. An insured's duty to indemnify "is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

28. An actual controversy of a justiciable nature presently exists between First Mercury and Pat Tons concerning the rights and obligations under the Policy with respect to the duty to indemnify Pat Tons against the claims asserted in the Underlying Lawsuit.

29. First Mercury seeks a declaration from this Court that Lerma was not a "temporary worker" for Pat Tons as that term is defined in the Policy.

30. First Mercury seeks a declaration from this Court that Lerma was an independent contractor and/or the employee of an independent contractor working for Pat Tons, for purposes of the Independent Contractors Exclusion Endorsement.

31. First Mercury seeks a declaration from this Court that the exception to the Independent Contractors Exclusion Endorsement does not apply.

32. Therefore, First Mercury seeks a judicial determination that for the same reasons that it has no duty to defend Pat Toms against the claims asserted in the Underlying Lawsuit, First Mercury has no duty to indemnify Pat Tons in the Underlying Lawsuit should Pat Tons be found liable to the Plaintiff.

## VI.
## JURY TRIAL

33. Pursuant to Federal Rule of Civil Procedure 38, First Mercury requests a jury trial on all issues so triable.

## VII.
## PRAYER

WHEREFORE, Plaintiff First Mercury Insurance Company prays:

1. That the Court issue a declaration that First Mercury has no duty to defend Pat Tons under the Policy against the claims asserted in the Underlying Lawsuit;

2. That the Court issue a declaration that First Mercury has no duty to indemnify Pat Tons under the Policy against the claims asserted in the Underlying Lawsuit;

3. Award First Mercury all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

       /s/ Brian S. Martin
BRIAN S. MARTIN
SBN: 13055350; FBN: 8823
bmartin@thompsoncoe.com
RODRIGO "DIEGO" GARCIA, JR.
SBN: 00793778; FBN: 782726
dgarcia@thompsoncoe.com
**THOMPSON, COE, COUSINS & IRONS, LLP**
One Riverway, Suite 1400
Houston, Texas 77056-1988
Telephone: (713) 403-8282
Facsimile: (713) 403-8299

**ATTORNEYS FOR PLAINTIFF FIRST MERCURY INSURANCE COMPANY**